Parker, J.
The defendants, in the year 1868, were inspectors of election, in election district Ho. 2, in the town of Triangle, in the county of Broome. The plaintiff was at the time of the general election in this State, on the third day of Hovember in that year, and then had been for twenty-two years next preceding, a resident of said election district, and was registered as a voter therein, and at the said general election, *216 for the purpose of voting, offered his ballot duly folded to the said inspectors, which was challenged, on the ground that the plaintiff had been in the military service of the United States, and had deserted therefrom. Plaintiff was thereupon required to take the preliminary oath prescribed by the statute, which is as follows: “ You do swear (or affirm) that you will fully and truly answer all such questions as shall be put to you touching your place of residence and qualifications as an elector.’-’ (1 R. S., 430, § 18, 5th ed.) This oath he took, and was asked by the chairman of the board if he had been in the military service of the United States. His answer was that he had. The chairman then. asked him if he had an honorable discharge therefrom. This question he refused to answer. He was then asked if he left the service Avithout leave. This also he refused to answer. The challenge not being withdrawn, the plaintiff then offered to take the general oath. The board refused to administer the general oath or to proceed further with him, until he should answer the above questions, and his vote was excluded.
Upon the trial at the circuit the plaintiff was nonsuited, on the ground that there was no evidence of any malice or corrupt conduct on the part of the defendants, and plaintiff excepted. Plaintiff requested to be allowed to go to the jury upon the question of malice and was refused, to which he excepted. He also requested to go to the jury on the question of damages. This also was refused and plaintiff excepted. The exceptions, were ordered to be heard in the first instance at the General Term.
The defence, based upon the ground that the plaintiff was a. deserter, was set up in the second answer to the complaint. To this answer the plaintiff demurred, and the demurrer was sustained. From the order sustaining it no appeal Avas taken, Ho question, therefore, can arise in the case as to the defendants’ right to exclude plaintiff’s vote because he was a deserter. That question is foreclosed, and the case must rest upon other grounds than that.
But, whether the plaintiff’s vote was properly excluded ol *217 not is immaterial in this suit, provided the holding at the circuit was correct, that in order to maintain the action it was necessary to show malice on the part of the defendants, and provided also there was not sufficient evidence of malice to require the submission of the question to the jury.
It was held in Jenkins v. Waldron (11 Johns., 114), that an action on the case will not lie against inspectors of election for refusing the vote of a person legally qualified to vote without proving malice express or implied. We have been referred to no case overruling this proposition, and I have not been able to find one, although the class of cases balding that where a ministerial duty is violated by a public officer, an injured party may have redress by action, would seem in principle to conflict with that case, nevertheless the proposition there decided, must, I think, be deemed a rule of law applicable to the case at bar. That decision is based upon those in Harmam, v. Tappenden (1 East., 555), and Drewe v. Coulton, reported in a note to that case, which show that the action is not maintainable without stating and proving malice, express or implied, on the part of the officers.
Spencer, J., in the opinion in Jenkins v. Waldron, says: “ It would, in our opinion, be opposed to all the principles of "law, justice and sound policy to hold that officers called upon to exercise their deliberative judgments are answerable for a mistake at law, either civilly or criminally, when their motives are pure and untainted with fraud or malice.”
In Drewe v. Coulton, Wilson, J., said: <CI think that if an action were to be brought upon every occasion of this kind by every person whose vote was refused, it would be such an inconvenience as the law would not endure. A returning .officer, in such a case, would be in a most perilous situation. This gentleman was put in a situation where he was bound to act, and if he acted to the best of his judgment it would be a great hardship that he should be answerable for the consequences, even though he is mistaken in a point of law.”
In the case at bar the defendants were not acting wantonly, *218 without any sliow of right; hut under section 4 of the act of congress, entitled “ An act to amend the several acts heretofore passed to provide for the enrolling and calling out of the national forces, and for other purposes,” approved 3d March, 1865, might well have believed that the ground of challenge, that plaintiff was a deserter, &c., was, if true, well taken, and that they were required to question him, under the preliminary oath, as to its truth. That section makes deserters incapable of exercising any of the rights of citizens of the United States. But as construed by the court, upon the 'decision of the demurrer in this case, and I think correctly, deserters duly convicted as such by some court of competent jurisdiction were intended. The action of the defendants in excluding the vote without the proper evidence of such conviction should be regarded as a mistake in law merely, unless the circumstances rebut such- presumption.
Plaintiff’s counsel claim that defendants had knowledge of a decision of the Court of Appeals, holding the act of congress in respect to this penalty for desertion unconstitutional, also that they had notice that the secretary of State had expunged from the forms circulated, to be used by them, the questions insisted upon by them, and that these facts were sufficient to show that defendants were actuated by malice, or at all events to require the submission of the question to the jury-
The case does not show these alleged facts with sufficient clearness and certainty to make them available for plaintiff if they existed. As to the decision of the Court of Appeals, in the case of Green v. Shumway (39 N. Y. R., 418), the only one on the subject, decides merely that the test oath required by the act of the legislature of this State, to provide for a convention to revise and amend the Constitution, passed March 29, 1867, was unconstitutional, and does not pass upon the validity of the law of congress, upon which the defendants acted. Moreover, no authentic evidence of that decision appears by the case to have been adduced to them.
Tn regard to the expunging by the secretary of State of *219 the questions in the forms in regard to desertion, this was shown to the defendants only by its being so asserted by a person present, while the question of the plaintiff’s right to vote was pending before them, and no other evidence of the fact exists in the case.
These circumstances are wholly insufficient to rebut the presumption of good faith on the part of the defendants in their action in rejecting plaintiff’s vote, and did not make it incumbent upon the court to submit the question of malice to the jury.
The court was right, therefore, in nonsuiting the plaintiff. The motion for a new trial should be denied, with costs, and judgment rendered upon the nonsuit for the defendants.
James, J., concurred.